# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AUNDREA S. BROOKS, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:19-cv-00404-DB-PMW |
| R. CLAWSON, Officer, Salt Lake City Police Department; and SALT LAKE CITY CORPORATION, | |
| | District Judge Dee Benson |
| Defendants. | Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court recognizes that Plaintiff Aundrea S. Brooks ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

At the outset, the court will provide an explanation of the applicable standards for reviewing a complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

---

[1] *See* ECF no. 5.

[2] *See* ECF no. 2.

granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts

> surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

On March 31, 2020, this court issued an order addressing the sufficiency of Plaintiff's complaint under the authority of the IFP Statute.[3] The court concluded that, even under a liberal reading of Plaintiff's complaint, Plaintiff had failed to provide enough well-pleaded factual allegations to support the claims for relief alleged in the complaint. The court noted that Plaintiff had provided only conclusory allegations and failed to provide any sufficiently detailed factual allegations that would allow the court to determine whether Plaintiff's claims should survive dismissal.

For those reasons, the court concluded that Plaintiff's complaint failed to state a claim on which relief can be granted. At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, the court provided Plaintiff with an opportunity to amend the complaint. The court directed Plaintiff to file an amended complaint that complied with the requirements set forth in the above-referenced authorities on or before April 24, 2020. Plaintiff was warned that failure to do so would result in a recommendation to Judge Benson that this case be dismissed.

---

[3] *See* ECF no. 7.

Plaintiff has failed to file an amended complaint by that April 24, 2020 deadline. Accordingly, and based on the reasoning set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED under the authority of the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge